UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Leonard Rocco, an individual,

        Plaintiff,

   -against-

Wella Operations US, LLC; L'Oréal USA, Inc.; L'Oréal
USA Products, Inc.; Joico; Clairol; Henkel Corporation;
and Henkel a/k/a Henkel AG & Co. KGaA, inclusive,

        Defendants.
------------------------------------------------------------------------X

Case No. 1:26-cv-4519

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Henkel Corporation ("Henkel"), incorrectly named herein as Henkel Corporation and Henkel a/k/a Henkel AG & Co. KGaA, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441(b) and 1446.[1]  This Notice is based on the original jurisdiction of the Court over the parties under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

---

[1] By removing this action to this Court, Henkel does not waive any defenses, objections or responsive pleadings available under state or federal law.  Henkel expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or to seek dismissal for lack of personal jurisdiction, improper venue, forum *non conveniens*, *res judicata* or on any other grounds that may apply.

1

In support of this Notice of Removal, Henkel states the following:

## I.  PROCEDURAL HISTORY

1.     On or about May 29, 2026, Plaintiff Leonard Rocco ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of New York by filing a Summons and Complaint entitled *Leonard Rocco v. Wella Operations US, LLC et al.*  A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2.     The Summons and Complaint have not been served on Henkel.

3.     As set forth in the Summons and Complaint, Plaintiff alleges that he developed bladder cancer as a result of using defendants' hair dye products.  *See* Ex. A, ¶ 5.

4.     Henkel denies Plaintiff's claims and denies any liability for Plaintiff's alleged injuries.

## II.  GROUNDS FOR REMOVAL

5.     This action may be removed under 28 U.S.C. § 1441(b) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Plaintiff and all defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.     Venue is proper in this district under 28 U.S.C. § 1446 because Plaintiff filed this action in the Supreme Court of the State of New York, County of New York, which is within the jurisdiction of the United States District Court for the Southern District of New York.

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Henkel has not been served with the Summons and Complaint. Thus, Henkel's time to remove this case has not expired.

**A. There is Complete Diversity of Citizenship**

9. This Court has original jurisdiction over the parties under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Diversity of citizenship between Plaintiff and all defendants existed at the time Plaintiff filed the Summons and Complaint and continues to exist as of this removal.

**1. Plaintiff's Citizenship**

10. Plaintiff resides in New Jersey and, therefore, is a citizen of New Jersey. *See* Ex. A, Summons. For the purposes of this Notice, Plaintiff's residence is sufficient to establish that Plaintiff is a citizen of New Jersey. *See, e.g., Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp Hdfc. v. Dish Network, L.L.C.*, No. 15 Civ. 1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship.") (citations and internal quotation omitted).

**2. Defendants' Citizenships**

11. For the purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Wella Operations US LLC is formed in Delaware and maintains its principal place of business in California. *See* Parseghian Decl. ¶ 5. Its sole member is Waves UK DivestCo Ltd,

which is a United Kingdom company. *See id.* The erroneously named defendant Clairol is not a separate entity but a brand name under Wella Operations US LLC. *See id.* Thus, for diversity purposes, the erroneously named Clairol and Wella Operations US LLC are citizens of Delaware, California, and the United Kingdom and are completely diverse from Plaintiff.

13.    L'Oréal USA, Inc. is incorporated in Delaware and maintains its principal place of business in New York, New York. *See* Parseghian Decl. ¶ 6.

14.    L'Oréal USA Products, Inc. is incorporated in Delaware and maintains its principal place of business in New York, New York. *See* Parseghian Decl. ¶ 7.

15.    Thus, for diversity purposes, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York and are completely diverse from Plaintiff.

16.    The erroneously named defendant Joico is not a separate entity but a brand name under Henkel.  *See* Parseghian Decl. ¶ 4. Henkel is incorporated in Delaware and maintains its principal place of business in Connecticut. *See id.* Thus, for diversity purposes the erroneously named Joico and Pravana, and Henkel, are citizens of Delaware and Connecticut and are completely diverse from Plaintiff.

**B.  The Matter in Controversy Exceeds $75,000**

17.    The matter in controversy requirement is satisfied in this case because it is clear from the face of the Complaint that Plaintiff's alleged injuries result in a matter in controversy exceeding $75,000, exclusive of interest and costs.[2]

---

[2]  Henkel acknowledges only that the amount Plaintiff puts in controversy in his complaint exceeds $75,000 but neither admits nor concedes the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any amount whatsoever. Henkel expressly denies all of Plaintiff's allegations, contentions, causes of actions, claims, and damages, and reserves all defenses and rights.

18.     "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks: (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A).

19.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

20.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *See, e.g.*, *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 203 (D. Conn. 2004); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

21.     Here, Plaintiff states in his Complaint that he suffered bladder cancer as a result of using defendants' products and seeks, among other things, (a) past and future general damages; (b) past and future economic and special damages; (c) past and future medical expenses; (d) past and future pain and suffering; (e) punitive or exemplary damages; (f) attorney's fees; (g) costs and disbursements; and (h) prejudgment interest all in amounts to be determined at trial.  See Ex. A, Relief Requested.  Therefore, it is apparent from the face of the Complaint that the alleged injuries result in a matter in controversy exceeding $75,000.

22.     Moreover, in related cases pending before this Court involving nearly identical allegations and damages, plaintiffs have stated that "[s]hould Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $10 million with interest from the date of and

the costs of this action."   Therefore, Plaintiff's claimed value of this case easily exceeds the $75,000 matter in controversy threshold.

23.   Therefore, because the parties are diverse and the matter in controversy threshold is met, the state court action should proceed in federal court.

## C. Additional Procedural Requirements

24.   On information and belief, no in-state defendants named in this lawsuit have been properly joined and served.

25.   There has been no process, pleadings, or orders served upon Henkel in this action. 28 U.S.C. § 1446(a).

26.   Pursuant to 28 U.S.C. § 1446(d), Henkel will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of New York, where this action currently is pending.

WHEREFORE, Henkel gives notice that the action in the Supreme Court of the State of New York, County of New York is hereby removed to the United States District Court for the Southern District of New York.

Dated: New York, New York     Respectfully submitted,
         May 29, 2026

                                LIPPES MATHIAS LLP

                                s/  *Berj K. Parseghian*
                                Berj K. Parseghian
                                *Attorneys for Defendant Henkel Corporation, incorrectly named herein as Henkel Corporation and Henkel a/k/a Henkel AG & Co. KGaA*
                                420 Lexington Ave, Suite 2005
                                New York, New York 10170
                                (332) 345-4500 ext. 1695
                                bparseghian@lippes.com