**From:** sop@cscglobal.com <sop@cscglobal.com>
**Sent:** Sunday, May 31, 2026 10:51 AM
**To:** ██████████████████████████████
**Subject:** Notice of Service of Process - Transmittal Number:34169556

 **Notice of Service of Process - Summons/Complaint - Doc ID: 48195301**

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Document Type** | Summons/Complaint |
| **Matter Name** | Leonard Rocco vs. Wella Operations Us, LLC (19345170) |
| **Case Number** | Unassigned |
| **Court** | New York County Supreme Court, New York |

**VIEW MY DOCUMENT**

| | |
|---|---|
| **Entity** | L'Oreal USA, Inc. |
| **Entity I.D. Number** | 0503551 |
| **Entity Served** | L'Oreal USA Inc |
| **Nature of Case** | Product Liability |
| **Jurisdiction Served** | New York |
| **Date Served on CSC** | 05/29/2026 |
| **Answer or Appearance Due** | 30 days |
| **Originally Served On** | CSC |
| **How Served** | Personal Service |

Sender Information:
Morgan & Morgan New York, PLLC
212-738-6839

Primary Contact:
████████████████
██████████

Electronic copy provided to:
██████████████████
████████████████
████████████
████████████

## What are your next steps?

**1** Click the link to view and acknowledge your document

**2** Contact your attorney to review

## Who is CSC?



CSC® is the world's leading provider of business, legal, tax and digital brand services to companies around the globe. From keeping your business in compliance and streamlining operations, to protecting and promoting your brand online, we use our expertise and personal approach to help your business run smoother.

### What is SOP?

Service of Process (SOP) generally refers to the notice provided to a party at the initiation of a lawsuit. More broadly, in the context of a registered agent, it applies to documents related to litigation, wage garnishments, bankruptcies, foreclosures, subpoenas and other legal matters where your organization may be a party in some capacity.

### Why are we contacting you?

As your registered agent, CSC is responsible for receiving service of process (lawsuits, subpoenas, wage garnishments, etc.) on your organization's behalf. This notification provides some of the basic descriptive details related to a document that CSC has received in this capacity. Click the link above to view the full image of this document, so you can assess the required or appropriate responsive action.

**All service must be acknowledged. If you are unable to view the above link, click here to view other options.**

**To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com**

**Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.**

Copyright ©2021 Corporation Service Company.
All rights Reserved

Privacy   Legal   Browser Policy

251 Little Falls Drive
Wilmington, Delaware 19808-1674
(888)-690-2882
sop@cscglobal.com

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 3

Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 4 of 52

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/29/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK

---------------------------------------------------------------- x

LEONARD ROCCO,

Plaintiff/Petitioner,

- against -                                                    Index No.

WELLA OPERATIONS US, LLC; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; JOICO; CLAIROL; HENKEL CORPORATION; HENKEL a/k/a HENKEL AG & Co. KGaA, Inclusive,

Defendant/Respondent.

---------------------------------------------------------------- x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:   http://www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: May 29, 2026

JONATHAN SEDGH, ESQ
Name

MORGAN & MORGAN NEW YORK, PLLC
Firm Name

199 WATER STREET, SUITE 1500
Address

NEW YORK, NY 10038

(212) 738-6839
Phone

JSEDGH@FORTHEPEOPLE.COM
E-Mail

To:     L'ORÉAL USA, INC.

        10 HUDSON YARDS

        NEW YORK, NY 10001

6/6/18
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LEONARD ROCCO, an individual, | Index No.:<br>Date Filed: |
| Plaintiff, | **SUMMONS** |
| -against- | Plaintiff designates<br>NEW YORK County<br>as the place of trial. |
| WELLA OPERATIONS US, LLC; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; JOICO; CLAIROL; HENKEL CORPORATION; and HENKEL a/k/a HENKEL AG & Co. KGaA, Inclusive, | **The basis of the venue is:**<br>CPLR 503(a), (c);<br>Defendants' Residence;<br>Convenience of Witnesses |
| Defendants. | **Plaintiff resides at:**<br>417 Broad Street<br>Apt. 6<br>Bloomfield, NJ 07003 |

To the above-named defendants,

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons, to serve a

notice of appearance, on the Plaintiff's attorney within 30 days after the service of this summons,

exclusive of the day of service; and in case of your failure to appear or answer, judgment will be

taken against you by default for the relief demanded in the complaint.

Dated: <u>May 29, 2026</u>
        New York, New York

By:<u>/s/ Jonathan M. Sedgh</u>
Jonathan M. Sedgh, Esq.
MORGAN & MORGAN
199 Water Street, Suite 1500
New York, NY 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 7 of 52

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/29/2026

To: WELLA OPERATIONS US, LLC
350 Fifth Avenue, New York, NY 10118
c/o Corporation Service Company
80 State Street, Albany, NY 12207

L'ORÉAL USA, INC.
10 Hudson Yards, New York, NY 10001
c/o Corporation Service Company
80 State Street, Albany, NY 12207

L'ORÉAL USA PRODUCTS, INC.
10 Hudson Yards, New York, NY 10001
c/o Corporation Service Company
80 State Street, Albany, NY 12207

JOICO
5800 BRISTOL PARKWAY, Culver City, CA 90230
c/o Corporation Service Company
80 State Street, Albany, New York 12207

CLAIROL
350 Fifth Avenue, New York, NY 10118
c/o Corporation Service Company
80 State Street, Albany, NY 12207

HENKEL CORPORATION
ONE HENKEL WAY, ROCKY HILL, CT 06067
c/o Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808

HENKEL a/k/a HENKEL AG & Co. KGaA
ONE HENKEL WAY, ROCKY HILL, CT 06067
c/o Corporation Service Company
80 State Street, Albany, New York 12207

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 8 of 52    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                               RECEIVED NYSCEF: 05/29/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LEONARD ROCCO, an individual, <br><br>            Plaintiff, <br><br> -against- <br><br> WELLA OPERATIONS US, LLC; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; JOICO; CLAIROL; HENKEL CORPORATION; and HENKEL a/k/a HENKEL AG & Co. KGaA, Inclusive, <br><br>            Defendants. | Index No.: <br><br> **VERIFIED COMPLAINT** |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 9 of 52

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

Plaintiff, by and through his attorneys, Morgan & Morgan New York, PLLC, complaining of the defendants herein, respectfully shows to the Court, and alleges as follows upon information and belief:

## PARTIES

1. Plaintiff LEONARD ROCCO is a competent individual, over the age of 18, a Citizen of the United States, and a resident of Essex County in the State of New Jersey.

2. Plaintiff is a licensed cosmetologist and has been since 1998. Plaintiff has worked at the following hair salons: Michael's International located at 277 Eisenhower Pkwy. Livingston, NJ 07039, C' Est La Vie located at 7 Townsquare Dr, Chatham Township, NJ 07928 and Glaze Salon located at 7 Townsquare, Chatham, NJ 07928.

3. As a licensed cosmetologist since 1998, Plaintiff used the following product brands: Wella, L'Oreal, Redken, Matrix, Joico, Clairol and Schwarzkopf product lines of which include, but are not limited to, the following: Wella Color Grey, L'Oreal Majirel, Matrix So Color, Clairol Miss Clairol and Schwarzkopf Igora Royal. Plaintiff additionally recalls predominantly using the following shades of color dyes: Blondes, High lifted blonds, Reds, and Brunettes.

4. All claims in this action are a direct and proximate result of the negligent, willful, and wrongful acts and/or omissions of Defendants and/or their corporate predecessors in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of products by WELLA OPERATIONS US, LLC; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; JOICO; CLAIROL; HENKEL CORPORATION; HENKEL a/k/a HENKEL AG & Co. KGaA (hereinafter "the PRODUCTS").

5. Plaintiff in this action seeks recovery for damages as a result of developing bladder cancer, which was proximately caused by such wrongful conduct by Defendants, and the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5(d)) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.) Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 10 of 52 INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 05/29/2026

unreasonably dangerous and defective nature of hair dyes. All of the claims in this action involve common legal, common factual, and common medical issues.

6. Upon information and belief, at all relevant times, Defendant WELLA OPERATIONS US, LLC ("WELLA") is a Delaware LLC doing business in and authorized to do business in New York, with its principal place of business at 4500 Park Granada, Suite 100, Calabasas, California 91302, and an in-state office at 350 Fifth Avenue, New York, New York 10118, and process may be served upon its registered agent, Corporation Service Company, at address 80 State Street, Albany, New York 12207.

7. Upon information and belief, at all relevant times, Defendant L'ORÉAL USA, INC. maintains an office and principal place of business and headquarters located at 10 Hudson Yards, New York, New York 10001, and process may be served upon its registered agent, Corporation Service Company, at address 80 State Street, Albany, New York 12207.

8. Upon information and belief, at all relevant times, Defendant L'ORÉAL USA, INC. is engaged in the manufacturing, packaging, advertising, and distributing of many consumer products, including the Cosmetic Products at issue here, throughout the United States. In addition to manufacturing and distributing products using the "L'Oréal" brand, L'Oréal also manufactures and distributes products using the "Redken" and "Matrix" brand, including Cosmetic Products at issue here, throughout the United States.

9. Upon information and belief, at all relevant times, Defendant L'ORÉAL USA PRODUCTS, INC. is a corporation doing business in and authorized to do business in New York, with its principal place of business and headquarters at 10 Hudson Yards, New York, New York 10001, and process may be served upon its registered agent, Corporation Service Company, at address 80 State Street, Albany, New York 12207.

10. Upon information and belief, at all relevant times, Defendant L'ORÉAL USA

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 11 of 53

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/29/2026

PRODUCTS, INC. is engaged in the manufacturing, packaging, advertising, and distributing of many consumer products, including the Cosmetic Products at issue here, throughout the United States. In addition to manufacturing and distributing products using the "L'Oréal" brand, L'Oréal also manufactures and distributes products using the "Redken" and "Matrix" brand, including Cosmetic Products at issue here, throughout the United States. L'Oreal manufactures the following products that Plaintiff used as a licensed cosmetologist: L'Oreal Majirel and Matrix so color.

11.    Upon information and belief, at all relevant times, MATRIX PROFESSIONAL HAIR is part of L'ORÉAL USA, INC.'s Professional Products Division. MATRIX was founded in 1980 and acquired by L'ORÉAL USA, INC. in 2000.

12.    Upon information and belief, at all relevant times, REDKEN is part of L'ORÉAL USA, INC.'s Professional Products Division. REDKEN was founded in 1960 and acquired by L'ORÉAL USA, INC. in 1993.

13.    Upon information and belief, and based thereon, at all times relevant Defendant JOICO was founded by Steve Stefano and in 2001 was acquired by Zotos International, Inc., which is also a subsidiary of Shiseido Company, Limited. Thereafter, in 2017, HENKEL acquired Zotos International, Inc., the North American Hair Professional business of Shiseido Company, Limited. The acquisition comprised of leading hair professional brands such as JOICO and Zotos Professional.

14.    Upon information and belief, at all relevant times, Defendant JOICO maintains an office and principal place of business and headquarters located at 5800 Bristol Parkway, Culver City, California 90230. JOICO, as a division of HENKEL, may be served through its parent company, HENKEL, upon its registered agent, Corporation Service Company, at address 80 State Street, Albany, New York 12207.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

15. Upon information and belief, and based thereon Plaintiff alleges, that at all relevant times Defendants JOICO and HENKEL are engaged in the manufacturing, packaging, advertising, and distributing of many consumer products, including the Cosmetic Products at issue here, throughout the United States.

16. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant Defendant CLAIROL maintains a corporate office located at 1 Blachley Road, Stamford, Connecticut 06922. CLAIROL, as part of COTY, INC., is a Delaware corporation that maintains a corporate office and principal place of business and headquarters located at 350 Fifth Avenue, New York, New York 10118, and process may be served upon its registered agent, Corporation Service Company, at address 80 State Street, Albany, New York 12207.

17. Upon information and belief, and based thereon Plaintiff alleges, that at all times relevant Defendant CLAIROL was sold to BRISTOL-MYERS in 1957. BRISTOL-MYERS merged with SQUIBB CORPORATION to form BRISTOL-MYERS SQUIBB in 1989. PROCTER & GAMBLE purchased the CLAIROL division from BRISTOL-MYERS SQUIBB in 2001.

18. Upon information and belief, at all times relevant, PROCTER & GAMBLE purchased the CLAIROL division from BRISTOL-MYERS SQUIBB in 2001. In 2016, CLAIROL was acquired by COTY, INC. from PROCTER & GAMBLE as part of a beauty brand acquisition.

19. Upon information and belief, at all relevant times, Defendant HENKEL CORPORATION is incorporated in Delaware and maintains an office and principal place of business and headquarters located at One Henkel Way, Rocky Hill, Connecticut 06067, and process may be served upon its registered agent, Corporation Service Company, at address 251 Little Falls Drive, Wilmington, DE 19808.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

20. Upon information and belief, at all relevant times, Defendant HENKEL a/k/a HENKEL AG & Co. KGaA (hereinafter referred to as "HENKEL") maintains an office and principal place of business and headquarters located at One Henkel Way, Rocky Hill, Connecticut 06067, and process may be served upon its registered agent, Corporation Service Company, at address 80 State Street, Albany, New York 12207.

21. Upon information and belief, at all relevant times, Defendant HENKEL is engaged in the manufacturing, packaging, advertising, and distributing of many consumer products, including the Cosmetic Products at issue here, including the Schwarzkopf brand, throughout the United States.

22. Upon information and belief, at all times relevant to this action, all Defendants were engaged in the research, development, manufacture, design, testing, sale, and marketing of the PRODUCTS, and introduced such products into interstate commerce with knowledge and intent that such products be sold in the State of New York.

23. Upon information and belief, at all relevant times material hereto, Defendants developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the defective products, including, but not limited to, the following:

   a. L'Oreal

   b. Redken

   c. Matrix

   d. Joico

   e. Clairol

   f. Schwarzkopf

24. Plaintiff would further show that he has used the following Wella product lines two

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) UNASSIGNED

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/29/2026

to three times a week during his work as a licensed cosmetologist since 1998:

    a.    Wella Color Grey

25.    Plaintiff would further show, that he used the following L'Oreal product lines two to three times a week during his work as a licensed cosmetologist since 1998:

    a.    Majirel
    b.    Matrix – So Color

26.    Plaintiff would further show that he used the following Clairol product lines two to three times a week during his work as a licensed cosmetologist since 1998:

    a.    Miss Clairol

27.    Plaintiff would further show that he used the following Schwarzkopf product lines two to three times a week during his work as a licensed cosmetologist since 1998:

    a.    Igora Royal.

28.    Plaintiff will collectively refer to the products that he used on two to three times a week as "the PRODUCTS" or as "Defendants' Hair Color Products". These products are individually listed and referred to above.

29.    Upon information and belief, at all relevant times material hereto, Defendants marketed these products to the general public and sold both to retail outlets and distributors throughout the world.

30.    Upon information and belief, at all relevant times material hereto, Defendants have engaged in substantial, continuous economic activity in New York, including marketing, distribution, and sale of billions of dollars in products to the public in New York, including but not limited to the aforementioned products, that said activity by Defendants is substantially connected to Plaintiff's claims as alleged herein.

31.    Upon information and belief, at all relevant times material hereto, Defendants'

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Page 15 of 52 INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

defective hair products were placed into the stream of interstate commerce, and which Plaintiff was exposed from approximately 1998 through the present date.

32.     At all relevant times material hereto, Plaintiff worked in a salon as a hair colorist and licensed cosmetologist for approximately twenty-eight (28) years, thus exposing Plaintiff to said PRODUCTS from approximately 1998 through the present date.

33.     Upon information and belief, at all relevant times material hereto, Plaintiff worked in a salon as a professional hair colorist and licensed cosmetologist working with and/or around said PRODUCTS through his normal day to day duties as a professional colorist and cosmetologist. In his capacity as a professional colorist and cosmetologist, Plaintiff worked coloring hair multiple times a day for at least two to three days per week that exposed him to said PRODUCTS from approximately 1998 through the present date.

34.     Beginning in approximately 1998, Plaintiff, while a citizen in the State of New Jersey, was exposed to PRODUCTS purchased by him and/or by or through the salon where he was employed. Plaintiff was further exposed by mixing, applying, cleaning, inhaling, and removing hair color PRODUCTS and any residue from bowls, brushes, towels, sinks, and table tops, on a daily basis throughout his time spent in hair salons and while he worked in and/or was employed in hair salons from approximately 1998 through the present date.

35.     In June of 2023, Plaintiff was diagnosed with bladder cancer, and suffered effects and sequelae therefrom, caused by his regular and prolonged use and exposure to chemicals in the PRODUCTS, which was a direct and proximate result of the unreasonably dangerous and defective nature of Defendants' hair color PRODUCTS and the chemicals contained therein, and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, formulation, processing, packaging, promotion, distribution, marketing and sale of the PRODUCTS.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

36.     As a direct and proximate result of the injuries alleged herein, Plaintiff has incurred and will in the future incur medical expenses and other special damages, Plaintiff has endured and will endure pain and suffering and loss of enjoyment of life, Plaintiff has suffered and will continue to suffer other general damages, and Plaintiff has otherwise been damaged in a personal and pecuniary nature.

37.     Upon information and belief, at all relevant times, all allegations concerning Defendants includes any and all other persons and/or entities acting on behalf of Defendants, such as Defendants' officers, directors, employees, agents, representatives, parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, organizational units of any kind, predecessors, successors and assigns. Plaintiff believes and based thereon alleges that further details identifying such persons and/or entities are in Defendants' possession and control.

38.     Upon information and belief, all claims in this action are a direct and proximate result of Defendants' and/or their corporate predecessors negligent, willful, and wrongful conduct by Defendants' design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and/or sale of the PRODUCTS.

## JURISDICTION AND VENUE

39.     This Court has subject matter jurisdiction over this action pursuant to Article VI, Section 7 of the New York Constitution.

40.     This Court has personal jurisdiction over Defendants, some of whom are citizens of New York, and all of whom are authorized to do business in New York, do conduct business in New York, have specifically marketed, advertised, and made substantial sales in New York, and have sufficient minimum contacts with this state and/or sufficiently avail themselves of the markets of this state through their promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

41.     Venue is proper in this Court because one or more of the Defendants resides and maintains its principal place of business in New York County, New York, and the convenience of the witnesses and the ends of justice will be promoted by allowing this case to proceed in New York County, New York.

42.     Defendants' PRODUCTS were all sold, either directly or indirectly, to members of the general public within the State of New York.

43.     At all relevant times, Defendants expected or should have expected that their acts and omissions would have consequences within the United States and the State of New York.

## FACTUAL ALLEGATIONS

### A. Products at Issue

44.     Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

45.     There are at least seven (7) products at issue in this case manufactured and marketed by Defendants during this time period. Specifically, Plaintiff used, and was exposed to, the following product brands on a daily basis: Wella, L'Oreal, Redken, Matrix, Joico, Clairol and Schwartzkopf product lines of which included, but are not limited to, the: Wella Color Grey, L'Oreal Majirel, Matrix So Color, Clairol Miss Clairol and Schwarzkopf Igora Royal.

46.     Plaintiff additionally predominantly used the following shades of color dyes: Blondes, High lifted blonds, Reds, and Brunettes included in the aforementioned product(s) and product lines.

47.     Upon information and belief, at all relevant times alleged herein, Defendants advertised and marketed the PRODUCTS as safe for use.

48.     Plaintiff herein was exposed to the PRODUCTS while spending time in a salon and while working in a salon. This was an intended and foreseeable use of the PRODUCTS based on

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 18 of 52. INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 05/29/2026

the advertising, marketing, and labeling of the PRODUCTS.

## B. FDA Regulation of Cosmetics

49.     Cosmetics marketed in the United States must comply with the Federal Food, Drug, and Cosmetic Act (FD&C Act), and Fair Packaging and Labeling Act (FP&L Act). The FD&C Act defines cosmetics as articles intended to be applied to the human body for cleansing, beautifying, promoting attractiveness, or altering appearance without affecting the body's structure or functions. Hair Dyes are included in this definition.

50.     The label statements required under the authority of the FD&C Act must appear on the inside as well as the outside container or wrapper. The labeling requirements are codified at 21 CFR 701 and 740. Cosmetics not labeled in accordance with the requirements may be considered misbranded.

51.     Cosmetics must bear warning labels prescribed by (21 CFR 740). The warning label on a cosmetic must be appropriate and contain adequate directions for safe use. The warning label on a cosmetic must be prominent and conspicuous. Specifically, 21 CFR §740.1(a) establishes warning statements for cosmetics such as hair dye. The Code states "The label of a cosmetic product **shall** bear a warning statement whenever necessary or appropriate to prevent a health hazard that **may be** associated with the product."

52.     The cosmetic industry is self-regulated by manufacturers of cosmetic products.

53.     The FD&C Act does not require cosmetics, including hair dyes, to be approved by the FDA before they go on the market.

54.     The FD&C Act does not require specific tests to ensure the safety of cosmetic ingredients or final products.

55.     Also, the FD&C Act does not require cosmetic companies to share their safety information with the FDA.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

56.     Therefore, the manufacturers of cosmetics are solely and legally responsible for ensuring the safety of their products to the public and making sure they are properly labeled.

## C. Hair Dyes

57.     Hair dyes use chemicals to change hair color. The three main types of hair dye are: permanent, semi-permanent, and temporary. Permanent hair dyes cause lasting chemical changes in the hair shaft, and last until the hair is replaced by new growth. Permanent hair dyes make up about 80% of the market and use colorless dye intermediates and dye couplers. When mixed with hydrogen peroxide the intermediates and couplers react with each other to form pigment molecules. Darker colors are formed by using higher concentrations of intermediates. Semi-permanent hair dyes do not penetrate into the hair shaft, and typically last for about 10 washings. Temporary hair dyes cover the surface of the hair and do not penetrate into the hair shaft. They generally last for 1 to 2 washings.

58.     Hundreds of chemicals are used to make hair dyes, many are carcinogenic.

59.     Plaintiff was exposed to hair dyes frequently as part of his occupation and therefore was exposed to carcinogens now known to have been a component of the hair dyes he used.

60.     Specifically, as a result of Plaintiff's repeated, prolonged use of the products described above, Plaintiff was unknowingly exposed to carcinogenic compounds, including, but not limited to, 4-Aminobiphenyl and Ortho Toluidine. Plaintiff was repeatedly exposed to 4-Aminobiphenyl and Ortho Toluidine as a direct and proximate result of his use of the products described above. As a direct and proximate result of prolonged exposure to these two carcinogenic compounds, Plaintiff has been diagnosed with bladder cancer. Plaintiff would further show that his bladder cancer was caused by exposure to 4-Aminobiphenyl and Ortho Toluidine contained in Defendants' hair dye products described above from approximately 1998 through the present date.

## D. Studies on Bladder Cancer/Occupational Exposure

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.)   Page 20 of 52. UNASSIGNED

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 05/29/2026

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 20 of 52   INDEX NO.

61. In the United States there are approximately 83,000 bladder cancer diagnoses per year, and approximately 16,000 deaths. Bladder cancer is the ninth most common cancer in the United States.

62. Due in part to the commonality of this disease, the plaintiff did not know, nor could he have known that his bladder cancer was caused by his exposure to hair dyes.

63. In 1975, 23 years before Plaintiff commenced his work as a licensed cosmetologist, a peer-reviewed study published by Bruce Ames found that nearly 90% of commercially available hair dyes were mutagenic indicating a potential to cause DNA damage which could lead to cancer development. Safety concerns were raised in this study due to the presence of mutagenic hair dye intermediates called aromatic amines.

64. Critically, in response to the Ames study, manufacturers supposedly changed the components in permanent hair dye products in an effort to eliminate carcinogenic chemicals.

65. Manufacturers represented to the FDA and the public that now hair dyes were safe for use.

66. Carcinogenic aromatic amines supposedly removed by manufacturers at this time were 4-aminobiphenyl, o-toluidine, benzidine, and 2-naphthylamine, among many others.

67. However, it is now conclusively proven that manufacturers knowingly, deliberately and recklessly *failed to remove* carcinogenic aromatic amines from their hair dye products.

68. In 1994, a meta-analysis was conducted entitled *Epidemiological Evidence on Hair Dyes and the Risk of Cancer in Humans*. This meta-analysis consisted of 7 cohort studies and 11 case control studies which included data on occupational exposure to hair dyes by hairdressers, barbers, and beauticians and their subsequent bladder cancer risk. The study found that "The association between past occupational exposure to hair colourants and bladder cancer risk is

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 21 of 52 INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 05/29/2026

reasonably consistent on epidemiological data and plausible on biological grounds ... the general evidence from case control studies is in agreement with that from cohort investigations, and is compatible with a moderately increased bladder cancer risk among hairdressers and barbers."

69.     In 2001, a Case Control study entitled *Use of Permanent Hair Dyes and Bladder-Cancer Risk* was published by Gago-Dominguez among others. The study found that individuals that used hair dye once per month more than doubled their risk for bladder cancer, and those that used hair dyes for once a month for 15 or more years tripled their risk. The study further found that occupational exposures of hairdressers and barbers that were likely exposed to hair dyes for 10 or more years increased their risk of bladder cancer fivefold. The study concluded that long-term use of permanent hair dyes is a risk factor for bladder cancer and estimated 19% of bladder cancer diagnoses in women in Los Angeles County could be attributed to permanent hair dye usage.

70.     In 2003, the FDA published a peer-reviewed study entitled *Identification of Aminobiphenyl Derivatives in Commercial Hair Dyes*. This study found up to 12.8 ppb of 4-Aminobiphyenyl (4-ABP), a known bladder carcinogen, in 8 out of 11 tested commercial hair dyes.

71.     In 2008, a study entitled *A Meta-Analysis on the Association Between Bladder Cancer and Occupation* was published. The study found that hairdressers had a statistically significant 23% increased risk of bladder cancer (*1.23 RR, 95%, CI 1.11-1.37*). The scientists stated, *"Although the relative risk of bladder cancer associated with these occupations is small, the public health impact may be significant, considering the substantial number of people who were and are employed in these occupations."*

72.     In 2008, a study was published entitled *Elevated Bladder Cancer Risk Due to Colorants-A Statewide Case-Control Study in North Rhine-Westphalia, Germany*. The study's

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 22 of 52

questionnaire asked about occupation for more than 6 months and for exposures to several occupational and nonoccupational bladder carcinogens, and was limited to diagnoses of bladder cancer after 1988. The study concluded that individuals exposed to hair colorants showed a nearly fivefold elevated bladder cancer risk (OR 4.9% for hairdressers). The scientists stated, "The results of this epidemiological study confirm the hypothesis that individuals exposed to colorants show an elevated bladder cancer risk."

73.    In 2008, a second study was published that found 4-ABP, a known bladder carcinogen, in hair dyes. The study found 4-ABP in 28 of 54 commercial hair dyes. In addition, this study found the presence of a second known bladder carcinogen, OrthoToluidine in 34 of 54 commercial hair dyes tested. (Akyuz (2008), *Determination of aromatic amines in hair dye and henna samples by ion-pair extraction and gas chromatography-mass spectrometry*.)

74.    In 2009, Harling and others published *Bladder Cancer Among Hairdressers: A Meta-Analysis*. 42 studies were included in this meta-analysis, and statistically significant increased risks for bladder cancer were found for all but one analysis. The risk increased with duration of employment from 1.30 (95% CI 1.15 to 1.48) for 'ever registered as hairdressers' to 1.70 (95% CI 1.01 to 2.88) for 'job held greater than or equal to 10 years'. The study concluded, "The results of the present meta-analysis on 42 studies suggest that there is robust evidence for an increased risk of bladder cancer among hairdressers, in particular for hairdressers in a job held greater than or equal to 10 years … This corroborates the interpretation that there is a causal association between bladder cancer and job held as a hairdresser."

75.    In 2014, a third study was published that found known bladder carcinogens present in hair dyes. The study, entitled *Exposure of Hairdressers to ortho-toluidine (known bladder carcinogen) and meta-toluidine in hair dyes*, included a questionnaire that asked if the subjects were currently employed as a hairdresser in last 4 months, other jobs/hobbies, lifestyle, treatments

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

per week of permanent/semi hair dye, type of gloves used, frequency of glove use (90%), and frequency they changed gloves. Other occupational exposures were ruled out by asking about other jobs held within the past 6 months that would expose hairdressers to dyes. Blood samples were taken, and hemoglobin (Hb) adducts were analyzed for the presence of ortho-toluidine. The study found that hairdressers using permanent hair dyes and waving products were exposed to ortho-toluidine and the amount of ortho-toluidine in blood increased with increasing number of weekly hair dye treatments. The study also stated that the analyses of Hb adducts in exposed hairdressers is the best method for monitoring long-term exposure to aromatic amines because of the lifetime of Hb is about 4 months, and because of the close relationship with DNA adducts.

76.     The most recent global meta-analysis, published in 2015 in JAMA Oncology, looked at all types of occupations and risk for bladder cancer, and reported on those occupation classes that were associated with increased bladder cancer risk. (Cumberbatch et al. (2015).) The authors conducted a systematic review search for studies through May 2014. Eligible studies focused primarily on bladder cancer and provided confidence intervals (or data for calculating them). There were 217 reports available and eligible for meta-analyses; of these, 42 (of 61) occupational classes showed elevated relative risks for bladder cancer incidence and 16 (of 40) occupational classes showed increased bladder cancer mortality risk. Reduced risk of bladder cancer incidence and mortality were reported for only 6 and 2 occupational classes, respectively. The number of studies that reported on hairdressing occupation was not given, but the data tables indicated that 47 "comparisons" were used in determining relative risk for bladder cancer with hairdressing occupation. The authors summarized data over the studies as Standard Incidence Ratios (SIR) or Standard Mortality Ratios (SMR). Overall, the risk for bladder cancer among hairdressers was increased by 32% (SIR 1.32, 95% CI 1.24-1.4). The risk for bladder cancer mortality increased by 16% (SIR 1.16, 95% CI 1.01-1.34). The study also found that the risk of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

bladder cancer was highest in occupations in which workers were exposed to aromatic amines (rubber, plastic, and dye workers, hairdressers, and painters). The scientists listed the aromatic amines of 4-ABP and Ortho-Toluidine as "definitive bladder carcinogens", that the main carcinogen for hairdressers is 4-amino-biphenyl (4-ABP), and that historical reports showed that 16%-19% of workers exposed to 4-ABP contract bladder cancer.

### E.    4-Aminobiphenyl and Ortho-Toluidine are Human Carcinogens

77.    Chemical agents are classified according to their surety of cancer risk. There are two institutions that identify, evaluate, and classify human carcinogens. The first is the International Agency for the Research of Cancer (IARC). The second is the National Toxicology Program (NTP).

78.    IARC is part of the World Health Organization (WHO) that conducts and coordinates research into causes of cancer. It also collects and publishes surveillance data regarding the occurrence of cancer worldwide. Its published "Monographs" identify carcinogenic hazards and evaluate environmental causes of cancer in humans.

79.    The National Toxicology Program (NTP) is a program within the Department of Health and Human Services (DHHS) headquartered at the National Institute of Environmental Health Sciences (NIEHS) of the National Institutes of Health (NIH). NTP evaluates chemicals of concern for their potential to cause cancer in humans. As part of their cancer evaluation work, NTP publishes their Report on Carcinogens (RoC). RoC is a document that identifies chemicals that may pose a carcinogenicity hazard to human health. The NTP RoC classifies chemicals as either "known to be a human carcinogen" or "reasonably anticipated to be a human carcinogen."

80.    IARC classified 4-Aminobiphenyl and Ortho-Toluidine as carcinogenic to humans (Group 1). IARC stated that both 4-ABP and Ortho-Toluidine have been found in hair dyes.

81.    The NTP (RoC) classified 4-Aminobiphenyl and Ortho-Toluidine as "known to be

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

a human carcinogen". The NTP also stated that 4-ABP and Ortho-Toluidine have been found in hair dyes.

### F. Biological Mechanism of Action by 4-Aminobiphenyl and Ortho-Toluidine

82.     4-ABP and Ortho-Toluidine have been found in DNA adducts of the bladder and mammary glands in exposed humans which are biological markers that allow for identification of agents responsible for initiation of carcinogenic processes also reflecting exposure, biological effective dose, and local metabolic processes involved in formation of reactive species capable of binding to DNA and other macromolecules. (Gorlewska-Roberts (2002), *Carcinogen-DNA Adducts in Human Breast Epithelial Cells.*)

83.     According to IARC and the NTP, 4-ABP causes cancer through a mechanism involving metabolic activation in the liver, where it is converted into a reactive N-hydroxy derivative which then forms DNA adducts, primarily by generating a highly reactive aryl nitrenium ion, ultimately leading to DNA damage and contributing to the development of bladder cancer, particularly in humans; this process is considered the primary mechanism of action for 4-ABP. While the metabolism occurs primarily in the liver, the reactive metabolites are transported to the bladder, where they can readily bind to DNA due to the acidic urine environment, leading to bladder cancer development.

## TIMELINESS OF ACTION

### A. Timeliness Under CPLR 214-c

84.     Plaintiff suffered illnesses that have latency periods and do not arise until many years after exposure. Plaintiff now believes and based thereon alleges that his injuries were caused by the latent effects of exposure to chemicals in the PRODUCTS. However, Plaintiff's illnesses did not distinctly manifest as having been caused by the PRODUCTS until sufficient information became available to ascertain that bladder cancer could be caused by use of and exposure to the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 26 of 52

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/29/2026

PRODUCTS. Pursuant to CPLR 214-c, Plaintiff timely files this action within one year after he discovered, through the exercise of reasonable diligence, that bladder cancer was linked to the use of and exposure to the PRODUCTS and that his injuries occurred within the last five years.

85.     Plaintiff believes and based thereon alleges that the state of medical or scientific knowledge was such that he could not have discovered or identified causation of his injury sooner. Although Plaintiff believes and based thereon alleges that information was known to Defendants linking bladder cancer to the use of and exposure to the PRODUCTS, any information regarding the cause of Plaintiff's bladder cancer was not known to or ascertainable by the general public, including Plaintiff and his healthcare providers, none of whom identified or indicated any knowledge of the cause of Plaintiff's bladder cancer.

86.     Plaintiff filed this lawsuit within the applicable limitations period of first suspecting that the PRODUCTS were the cause of any appreciable harm sustained by Plaintiff, and within the applicable limitations period of first suspecting or having reason to suspect any wrongdoing, which Defendants concealed. Plaintiff could not, by the exercise of reasonable diligence, have discovered any wrongdoing and could not have discovered the causes of the injuries at an earlier time because the injuries occurred without initial perceptible trauma or harm and, when the injuries were discovered, the causes were not immediately known.

## B. Tolling by Reason of Fraud

87.     Furthermore, the running of any statute of limitations has been equitably tolled by reason of Defendants' fraudulent concealment and conduct. Through their affirmative misrepresentations and material omissions, Defendants fraudulently presented the PRODUCTS to the public in general and Plaintiff in particular as being safe and free from defects; Defendants actively concealed from Plaintiff the true risks associated with the chemicals contained within the PRODUCTS; and Defendants deceived and misled Plaintiff to conceal the existence of the causes

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

of action he asserts herein.

88.     Upon information and belief, at all relevant times alleged herein, Defendants intentionally made material misrepresentations to the medical community and public, including Plaintiff, regarding the safety of the PRODUCTS, including that the PRODUCTS did not have dangerous and/or serious adverse health safety concerns, that the PRODUCTS were as safe as other products, and/or that the products were free from defects.

89.     Upon information and belief, at all relevant times alleged herein, in representations to Plaintiff and the public in general, Defendants also fraudulently concealed and intentionally omitted the following material information:

    a.  that the PRODUCTS were not as safe as other available products;

    b.  that the PRODUCTS were dangerous;

    c.  that the PRODUCTS were defectively and negligently designed;

    d.  that the PRODUCTS had defective, inadequate, and insufficient warnings and instructions, and

    e.  that the PRODUCTS were inadequately tested.

90.     Upon information and belief, at all relevant times alleged herein, Defendants recklessly and/or intentionally falsely represented the dangerous and serious health and safety concerns inherent in the use of the PRODUCTS to the public at large, for the purpose of influencing the sales of PRODUCTS known to be dangerous and defective, and/or not as safe as other alternatives.

91.     Upon information and belief, at all relevant times alleged herein, Defendants' intention, specific desire, and purpose in making these misrepresentations, omissions of material information, and active concealments of information concerning the safety and efficacy of the PRODUCTS was to deceive consumers, including Plaintiff, to gain the confidence of the public,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

the medical community, and Plaintiff; to falsely assure them of the quality and fitness for use of the PRODUCTS; and to induce consumers, including Plaintiff, to rely on such misrepresentations in selecting, purchasing, and using the PRODUCTS.

92.    At all relevant times, including when Defendants' misrepresentations and material omissions were made, Plaintiff had no knowledge of the defects in the PRODUCTS, or the truth about the dangers and serious health and/or safety risks inherent in the use of the PRODUCTS, or the wrongful conduct of Defendants as set forth herein, nor did Plaintiff have access to information regarding other injuries and complaints in the possession of Defendants. Plaintiff did not until recently discover the true facts about the dangers and serious health and/or safety risks inherent in the use of the PRODUCTS, nor did Plaintiff discover Defendants' false representations or omissions, nor would Plaintiff with reasonable diligence have discovered the true facts or Defendants' misrepresentations or omissions sooner. Plaintiff was prevented from discovering this information because Defendants herein misrepresented and continue to misrepresent to the public that the PRODUCTS are safe and free from defects, and because Defendants fraudulently concealed and omitted material information that, if known to Plaintiff, could have allowed him to discover potential causes of action sooner. As a result of Defendants' actions, Plaintiff was until recently unaware, and could not reasonably know, or could not have reasonably learned through reasonable diligence, that his use of the PRODUCTS exposed him to the risks alleged herein, and that those risks were the direct and proximate result of Defendants' acts and omissions.

93.    Had Plaintiff known the true facts about the dangers and serious health and/or safety risks of the PRODUCTS, Plaintiff would not have purchased, used, been exposed to, or relied on Defendants' PRODUCTS.

94.    Upon information and belief, at all relevant times alleged herein, Defendants knew that Plaintiff, and the public in general, had no way to determine the truth behind Defendants'

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Page 29 of 52 INDEX NO. UNASSIGNED

Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

misrepresentations and concealment, and that these included misrepresentations and material omissions of facts surrounding the PRODUCTS, as set forth herein.

95.     Furthermore, Defendants are estopped from relying on any statute of limitations because of their concealment of the truth, quality, and nature of the PRODUCTS. Defendants had a duty when disseminating information to the public to disseminate truthful information. Defendants had a parallel duty not to deceive the public, including Plaintiff. Defendants were also under a duty to disclose to Plaintiff, and the public in general, the defective nature of the PRODUCTS. Defendants were under a duty to disclose the true character, quality, and nature of PRODUCTS because this was non-public information which Defendants had and continue to have in their exclusive control, and because Defendants knew that this information was not available to Plaintiff.

96.     Upon information and belief, at all relevant times alleged herein, Defendants had the ability to and did spend enormous amounts of money in furtherance of their purpose of marketing and promoting profitable PRODUCTS, notwithstanding the known or reasonably known risks. Plaintiff and medical professionals could not have afforded and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and they were forced to rely on Defendants' representations.

97.     Upon information and belief, at all relevant times alleged herein, the information distributed to the public and Plaintiff by Defendants included, but was not limited to, product labels, reports, press releases, public statements, advertising campaigns, television commercials, print advertisements, billboards, other commercial media, and other marketing and promotional materials, which contained false and misleading representations concerning the safety and efficacy of the PRODUCTS, and which omitted material information, and actively concealed information, concerning the truth about the dangers of the use of the PRODUCTS. Plaintiff believes and based

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 30 of 52
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 05/29/2026

thereon alleges that further details identifying such labels, reports, press releases, public statements, marketing campaigns, advertisements, and promotions for the PRODUCTS are in Defendants' possession and control.

98. Upon information and belief, at all relevant times alleged herein, these misrepresentations, material omissions, and active concealments by Defendants were perpetuated directly and indirectly by Defendants, their sales representative, employees, distributors, agents, marketers and detail persons. Plaintiff believes and based thereon alleges that further details identifying such persons are in Defendants' possession and control.

99. Upon information and belief, at all relevant times alleged herein, these misrepresentations, material omissions, active concealments, and others made by Defendants, were false when made, and/or were made with the pretense of actual knowledge when such knowledge did not actually exist, and/or were made recklessly and without regard to the true facts.

100. Upon information and belief, at all relevant times alleged herein, at all times relevant to this action, Defendants knew that the PRODUCTS were not safe for consumers or for occupational use such as Plaintiff's use.

101. Upon information and belief, at all relevant times alleged herein, the misrepresentations and active concealment by Defendants constitute a continuing tort. Indeed, Defendants continue to misrepresent the potential risks and serious side effects associated with the use of the PRODUCTS and omit material information regarding same.

102. Upon information and belief, at all relevant times alleged herein, as a result of Defendants' advertising and marketing efforts, and representations and material omissions, the PRODUCTS are and continue to be pervasively manufactured and used in New York and throughout the United States.

**EXEMPLARY OR PUNITIVE DAMAGES**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.)

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 31 of 52

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/29/2026

103.    Upon information and belief, at all relevant times alleged herein, the acts, conduct, and omissions of Defendants, and each of them, as alleged throughout this Complaint, were fraudulent, willful, reckless, malicious, and were done with a conscious disregard for the rights of Plaintiff and other users of the PRODUCTS, and for the primary purpose of increasing Defendants' profits from the sale and distribution of the PRODUCTS. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against each Defendant in an amount appropriate to punish and make an example of each Defendant.

104.    Upon information and belief, at all relevant times alleged herein, prior to the manufacturing, sale and distribution of the PRODUCTS, Defendants, and each of them, knew that the PRODUCTS were in a defective condition as previously alleged herein and knew that those who used the PRODUCTS would experience and did experience severe injuries. Further, Defendants and each of them through their officers, directors, managers, and agents, had knowledge that the PRODUCTS presented a substantial and unreasonable risk of harm to the public, including Plaintiff and, as such, consumers of the PRODUCTS were unreasonably subjected to risk of injury.

105.    Upon information and belief, at all relevant times alleged herein, despite such knowledge, Defendants, and each of them, acting through its officers, directors and managing agents, for the purpose of enhancing Defendants' profits, knowingly and deliberately failed to remedy the known defects in the PRODUCTS and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in the PRODUCTS. Defendants, and their individual agents, officers, and directors, intentionally proceeded with the manufacturing, sale, distribution and marketing of the PRODUCTS, knowing that the public, including Plaintiff, would be exposed to serious danger in order to advance Defendants' own pecuniary interest and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.)

NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 32 of 52

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/29/2026

monetary profits.

106. Upon information and belief, at all relevant times alleged herein, Defendants' conduct was despicable, and so contemptible that it would be looked down upon and despised by ordinary decent people, and was carried on by Defendants with willful and conscious disregard for safety, entitling Plaintiff to exemplary damages.

## CLAIMS BASED ON STATE LAW

107. Plaintiff has reviewed his potential legal claims and causes of action against Defendants and intentionally chooses only to pursue claims based on state law. Any reference to any federal agency, regulation or rule is stated solely as background information and does not raise a federal question. Plaintiff chooses to only pursue claims based on state law and is not making any claims that raise federal questions.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY – FAILURE TO WARN
## AGAINST ALL DEFENDANTS

Plaintiff LEONARD ROCCO repeats, reiterates and realleges each allegation as contained in the above paragraphs of the within Complaint, with the same force and effect, as though each were fully set forth at length herein.

108. On information and belief, Defendants manufactured, distributed, and sold the hair dye PRODUCTS that Plaintiff used and/or was exposed to.

109. On information and belief, the PRODUCTS had potential risk and side effects that were known or knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of their manufacture, distribution and sale.

110. On information and belief, the potential risks and side effects presented a substantial danger when the PRODUCTS were used or misused in an intended or reasonably foreseeable way, including, but not limited to, the risk of bladder cancer.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

111. On information and belief, ordinary consumers would not have recognized the potential risks and side effects described herein.

112. On information and belief, Defendants failed to adequately warn or instruct of the potential risks and side effects as evidenced through the following conduct:

a. Omitting warnings on product labels or from other marketing materials the warning that use of and/or exposure to the PRODUCTS could lead to an increased risk of bladder cancer.

b. Representing on the labeling and in their marketing materials that Defendants PRODUCT is safe for use as directed.

c. Failing to inform its customers and end users of the PRODUCTS, including Plaintiff, of a known catastrophic health hazard associated with their use.

d. Procuring and disseminating false, misleading, and biased information regarding the safety of its PRODUCTS to the public and using influence over governmental and regulatory bodies regarding their PRODUCTS.

113. As a result of Defendants' failure to warn, the PRODUCTS were defective, yet Plaintiff was exposed to and used the PRODUCTS without knowing their risks, and Plaintiff was harmed by his exposure to and use of said defective PRODUCTS as described herein.

114. On information and belief, as a proximate result of the conduct, acts, and omissions alleged herein, Plaintiff has incurred medical expenses, Plaintiff will in the future incur medical expenses, Plaintiff has suffered and will suffer other special damages, Plaintiff has suffered and will suffer conscious pain and suffering and other general damages.

**SECOND CAUSE OF ACTION**
**STRICT LIABILITY – DESIGN DEFECT**
**AGAINST ALL DEFENDANTS**

Plaintiff LEONARD ROCCO repeats, reiterates and realleges each allegation as contained

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.) Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 34 of 52 INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 05/29/2026

in the above paragraphs of the within Complaint, with the same force and effect, as though each were fully set forth at length herein.

115.     On information and belief, at all relevant times alleged herein, the PRODUCTS were designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to be tested, inspected or failed to be inspected, labeled, advertised, promoted, marketed, supplied, distributed, licensed, wholesaled, and sold by Defendants in the regular course of business.

116.     On information and belief, at all relevant times alleged herein, the PRODUCTS manufactured, supplied, licensed and/or placed into the stream of commerce by Defendants herein were defective and unreasonably dangerous in that:

   a.  the utility of the PRODUCTS does not outweigh the danger of developing bladder cancer when the PRODUCTS are used as intended;

   b.  the PRODUCTS are not reasonably fit, suitable or safe for their intended purpose and the foreseeable risks far exceeded the benefits associated with the design or formulation;

   c.  the PRODUCTS contained inadequate warnings or instructions; and

   d.  the PRODUCTS contained dangerous ingredients while feasible safer alternative designs and ingredients were available.

117.     Upon information and belief, at all relevant times alleged herein, Defendants knew that the PRODUCTS were to be purchased and used without inspection for defects.

118.     Upon information and belief, at all relevant times alleged herein, the PRODUCTS were and are unsafe for their intended use by reason of defects in the design so that they would not safely serve their purpose, but would instead expose the users of said PRODUCTS to serious injuries.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

119.    Upon information and belief, at all relevant times alleged herein, there were practical and feasible alternative designs and formulations that would have prevented and/or significantly reduced the risk of Plaintiff's injuries, without impairing the reasonable anticipated or intended function of the PRODUCTS. These safer alternative designs and/or formulations were economically and technologically feasible, and would have prevented and/or significantly reduced the risk of Plaintiff's injuries without substantially impairing utility.

120.    Upon information and belief, at all relevant times alleged herein, the PRODUCTS were substantially in the same condition as when they left the possession of Defendants.

121.    At all pertinent times, Plaintiff was exposed to and/or used the PRODUCTS in the manner that was intended which were a reasonably foreseeable and normally intended use by Defendants, as Defendants gave no warnings in opposition, but rather, promoted the use of the PRODUCTS.

122.    At all relevant times alleged herein, the design and/or formulation of the PRODUCTS was a substantial factor in causing harm to Plaintiff.

123.    As a legal and proximate result of the aforementioned defects in the design and/or formulation of the PRODUCTS, Plaintiff sustained the injuries and damages as alleged herein.

124.    On information and belief, as a proximate result of the conduct, acts, and omissions alleged herein, Plaintiff has incurred medical expenses, Plaintiff will in the future incur medical expenses, Plaintiff has suffered and will suffer other special damages, Plaintiff has suffered and will suffer conscious pain and suffering and other general damages.

### THIRD CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN
### AGAINST ALL DEFENDANTS

Plaintiff LEONARD ROCCO repeats, reiterates and realleges each allegation as contained in the above paragraphs of the within Complaint, with the same force and effect, as though each

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

were fully set forth at length herein.

125.    Upon information and belief, at all relevant times alleged herein, Defendants were negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing the PRODUCTS in one or more of the following respects:

a.  failing to warn Plaintiff of the hazards associated with the use of the PRODUCTS, including, but not limited to, the risk of bladder cancer;

b.  failing to properly test their PRODUCTS to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use;

c.  failing to properly test their PRODUCTS to determine the increased risk of bladder cancer during the normal and/or intended use of the PRODUCTS;

d.  failing to inform ultimate users, such as Plaintiff, as to the safe and proper methods of handling and using the PRODUCTS;

e.  failing to remove the PRODUCTS from the market when Defendants knew or should have known the PRODUCTS were defective;

f.  failing to instruct the ultimate users, such as Plaintiff, as to the methods for reducing the type of exposure to the PRODUCTS which caused increased risk of bladder cancer;

g.  failing to inform the public in general and Plaintiff in particular of the known dangers using the PRODUCTS;

h.  failing to advise users how to prevent or reduce exposure that caused increased risk of bladder cancer;

i.  marketing and labeling the PRODUCTS as safe for all uses despite knowledge to the contrary; and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 37 of 52

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/29/2026

j.    failing to act as a reasonably prudent company under similar circumstances.

126.    Upon information and belief, at all relevant times alleged herein, Defendants knew, or reasonably should have known, that users, including Plaintiff, would not realize the dangers of using the PRODUCTS; a reasonable manufacturer, distributor and/or seller under the same or similar circumstances would have warned of the dangers or instructed on the safe use of the PRODUCTS; and Defendants owed the public and the users of their PRODUCTS, including Plaintiff, a duty to do the same; however, they breached said duty.

127.    Upon information and belief, at all relevant times alleged herein, each and all of these acts and omissions, taken singularly or in combination, were a proximate cause of the injuries and damages sustained by Plaintiff.

128.    Upon information and belief, at all relevant times alleged herein, Defendants knew or should have known that the PRODUCTS were unreasonably dangerous and defective when used or misused in a reasonably foreseeable manner.

129.    Upon information and belief, as a direct and proximate result of Defendants' negligence in one or more of the aforementioned ways, Plaintiff purchased and used, as aforesaid, the PRODUCTS that directly and proximately or were a substantial factor in causing Plaintiff to develop bladder cancer. Had Plaintiff known the true facts about the PRODUCTS, including their risks and dangers, he would not have purchased, used, been exposed to, or relied on them. Alternatively, had Plaintiff been instructed on safe use of the PRODUCTS, he would have used them as instructed.

130.    On information and belief, as a proximate result of the conduct, acts, and omissions alleged herein, Plaintiff has incurred medical expenses, Plaintiff will in the future incur medical expenses, Plaintiff has suffered and will suffer other special damages, Plaintiff has suffered and will suffer conscious pain and suffering and other general damages.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 38 of 52 INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 05/29/2026

## FOURTH CAUSE OF ACTION
## FRAUD
## AGAINST ALL DEFENDANTS

Plaintiff LEONARD ROCCO repeats, reiterates and realleges each allegation as contained in the above paragraphs of the within Complaint, with the same force and effect, as though each were fully set forth at length herein.

131.    Upon information and belief, at all relevant times alleged herein, from the time that the PRODUCTS were first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, Defendants studied, researched, and tested the PRODUCTS; manufactured, distributed, and labeled the PRODUCTS; conducted sales and marketing campaigns to promote the sale of the PRODUCTS; and willfully deceived Plaintiff, other consumers, and the public in general, about true, material facts concerning the PRODUCTS, including, but not limited to, the following:

a. Defendants marketed and labelled the PRODUCTS as safe despite knowledge to the contrary;

b. Defendants misrepresented that the PRODUCTS are free from defects, safe for all uses, as safe as other available products, and/or that the PRODUCTS did not have dangerous and/or serious adverse health safety concerns;

c. Defendants concealed and omitted material information about the dangers, risks, and hazards associated with the chemicals contained within the PRODUCTS; specifically, Defendants concealed that their respective hair color products identified above contained carcinogenic compounds, including, but not limited to, 4-Aminobiphenyl and Ortho Toluidine. Further, Defendants concealed from Plaintiff the hazard of developing bladder cancer due to prolonged exposure to 4-Aminobiphenyl and Ortho Toluidine. As a direct and proximate result of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

Defendants' fraudulent concealment and Defendants' intentional omissions, Plaintiff used Defendants' products and was unknowingly exposed to carcinogenic compounds on a daily basis. Plaintiff has been diagnosed with bladder cancer as a direct and proximate result of daily exposure to the carcinogenic products outlined herein;

d. Defendants failed to disclose or warn the public in general and Plaintiff in particular about the dangers, risks, and hazards associated with the use of the PRODUCTS, including, but not limited to, the risk of bladder cancer due to exposure to carcinogenic compounds in Defendants' products;

e. Defendants failed to properly test their PRODUCTS to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use, and Defendants concealed and omitted material information about their inadequate testing;

f. Defendants failed to properly test their PRODUCTS to determine the increased risk of bladder cancer associated with the normal and/or intended use of the PRODUCTS, and Defendants concealed and omitted material information about their inadequate testing;

g. Defendants failed to inform ultimate users, such as Plaintiff, of any safe and proper methods of handling and using the PRODUCTS;

h. Defendants failed to instruct or advise users, such as Plaintiff, as to any methods for preventing or reducing the type of exposure to the PRODUCTS that caused increased risk of bladder cancer;

i. Defendants failed to remove the PRODUCTS from the market when Defendants knew or should have known the PRODUCTS were defective, and Defendants

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

concealed and omitted material information about such defects; and

j. Defendants failed to act like a reasonably prudent company under similar circumstances, and Defendants concealed and omitted material information about such failures.

132. Upon information and belief, at all relevant times alleged herein, Defendants' fraud included affirmative misrepresentations and material omissions, and with regard to Defendants' omissions, Plaintiff believes and based thereon alleges that Defendants had a duty to disclose the true facts concerning the PRODUCTS. Defendants possessed superior knowledge of essential facts concerning the PRODUCTS that are not accessible to Plaintiff, other consumers, and the public in general. Defendants' nondisclosure was inherently unfair due to their superior knowledge of such facts. Defendants' nondisclosure was further unfair due to Defendants' partial disclosures of information, e.g., instructions for using the PRODUCTS.

133. Upon information and belief, at all relevant times alleged herein, these misrepresentations, material omissions, and active concealments, and others made by Defendants, were false when made, and/or were made with the pretense of actual knowledge when such knowledge did not actually exist, and/or were made recklessly and without regard to the true facts.

134. Upon information and belief, at all relevant times alleged herein, at all times relevant to this action, Defendants knew that the PRODUCTS were not safe, fit, and effective for use as intended, including that they were not safe for consumers or for occupational use such as Plaintiff's use. Furthermore, Defendants were aware that the use of the PRODUCTS was hazardous to health, and that the PRODUCTS carry a significant propensity to cause serious injuries to users including, but not limited to, the injuries suffered by Plaintiff as alleged herein.

135. Upon information and belief, at all relevant times alleged herein, these misrepresentations, material omissions, and active concealments by Defendants were perpetuated

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

directly and indirectly by Defendants, their sales representative, employees, distributors, agents, marketers and detail persons. Plaintiff believes and based thereon alleges that further details identifying such persons are in Defendants' possession and control.

136.     Upon information and belief, at all relevant times alleged herein, Defendants made misrepresentations, materially omitted information, and actively concealed information concerning the safety and efficacy of the PRODUCTS in their labeling, advertising, marketing, promotional material, commercial media, press releases, reports, and/or other public statements. Plaintiff believes and based thereon alleges that Defendants labeled the PRODUCTS, and conducted sales and marketing campaigns to promote the sale of the PRODUCTS, and they willfully deceived Plaintiff, other consumers, and the public in general as to the health risks and other dangers and consequences of the use of the PRODUCTS, including, but not limited to, through false, deceptive, misleading, and untruthful labels, public statements, press releases, reports, marketing campaigns, advertisements, and promotions for the PRODUCTS. Plaintiff believes and based thereon alleges that further details identifying such labels, public statements, marketing campaigns, advertisements, and promotions for the PRODUCTS are in Defendants' possession and control.

137.     Upon information and belief, at all relevant times alleged herein, Defendants made these misrepresentations, omissions of material information, and active concealments of the true facts concerning the PRODUCTS with the intention, specific desire, and purpose to deceive and defraud consumers, including Plaintiff; to gain the confidence of the public, the medical community, and Plaintiff; to falsely assure them of the quality and fitness for use of the PRODUCTS; and to induce consumers, including Plaintiff, to rely on such misrepresentations in selecting, purchasing, and using the PRODUCTS.

138.     At all relevant times alleged herein, Plaintiff relied on Defendants to disclose the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

true facts concerning the PRODUCTS, including their risks and dangers. Plaintiff would not have purchased, used, been exposed to, or relied on Defendants' PRODUCTS if he had known the true facts about them. Upon information and belief, at all relevant times alleged herein, Defendants knew that Plaintiff would not have used the PRODUCTS if he had known the true facts concerning the PRODUCTS, including their risks and dangers.

139.    On information and belief, as a proximate result of the conduct, acts, and omissions alleged herein, including the foregoing fraudulent and deceitful conduct and omissions by Defendants, Plaintiff suffered injuries and damages as alleged herein. Plaintiff has also incurred medical expenses, and will in the future incur medical expenses. Plaintiff has also suffered and will suffer other special damages. Plaintiff has also suffered and will suffer conscious pain and suffering and other general damages.

**FIFTH CAUSE OF ACTION**
**FRAUDULENT CONCEALMENT**
**AGAINST ALL DEFENDANTS**

Plaintiff LEONARD ROCCO repeats, reiterates and realleges each allegation as contained in the above paragraphs of the within Complaint, with the same force and effect, as though each were fully set forth at length herein.

140.    Upon information and belief, at all relevant times alleged herein, from the time that the PRODUCTS were first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, Defendants willfully deceived Plaintiff, other consumers, and the public in general, by concealing from them true, material facts concerning the PRODUCTS, which included, but were not limited to, the hazards and consequences of using the PRODUCTS, any safe or proper methods of handling and using the PRODUCTS, and Defendants' failure to properly test the PRODUCTS.

141.    Upon information and belief, at all relevant times alleged herein, Defendants had a

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

duty to disclose the true facts concerning the PRODUCTS, and Defendants possessed superior knowledge of essential facts concerning the PRODUCTS that are not accessible to Plaintiff, other consumers, and the public in general. Defendants' nondisclosure was inherently unfair due to their superior knowledge of such facts. Defendants' nondisclosure was further unfair due to Defendants' partial disclosures of information, e.g., instructions for using the PRODUCTS.

142.    At all relevant times alleged herein, Plaintiff relied on Defendants to disclose the true facts concerning the PRODUCTS, including their risks and dangers. Plaintiff would not have purchased, used, been exposed to, or relied on Defendants' PRODUCTS if he had known the true facts about them. Upon information and belief, at all relevant times alleged herein, Defendants knew that Plaintiff would not have used the PRODUCTS if he had known the true facts concerning the PRODUCTS, including their risks and dangers.

143.    Upon information and belief, at all relevant times alleged herein, Defendants studied, researched, and tested the PRODUCTS; manufactured, distributed, and labeled the PRODUCTS; conducted sales and marketing campaigns to promote the sale of the PRODUCTS; and willfully deceived Plaintiff, other consumers, and the public in general about true, material facts concerning the PRODUCTS, including, but not limited to, the following:

a. Defendants concealed and omitted material information about the dangers, risks, and hazards associated with the chemicals contained within the PRODUCTS; specifically, Defendants concealed that their respective hair color products identified above contained carcinogenic compounds, including, but not limited to, 4-Aminobiphenyl and Ortho Toluidine. Further, Defendants concealed from Plaintiff the hazard of developing bladder cancer due to prolonged exposure to 4-Aminobiphenyl and Ortho Toluidine. As a direct and proximate result of Defendants' fraudulent concealment and Defendants'

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 44 of 52

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

intentional omissions, Plaintiff used Defendants' products and was unknowingly exposed to carcinogenic compounds on a daily basis. Plaintiff has been diagnosed with bladder cancer as a direct and proximate result of daily exposure to the carcinogenic products outlined herein;

b. Defendants failed to disclose or warn the public in general and Plaintiff in particular about the dangers, risks, and hazards associated with the use of the PRODUCTS, including, but not limited to, the risk of bladder cancer due to exposure to carcinogenic compounds in Defendants' products;

c. Defendants failed to properly test their PRODUCTS to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use, and Defendants concealed and omitted material information about their inadequate testing;

d. Defendants failed to properly test their PRODUCTS to determine the increased risk of bladder cancer associated with the normal and/or intended use of the PRODUCTS, and Defendants concealed and omitted material information about their inadequate testing;

e. Defendants failed to inform ultimate users, such as Plaintiff, of any safe and proper methods of handling and using the PRODUCTS;

f. Defendants failed to instruct or advise users, such as Plaintiff, as to any methods for preventing or reducing the type of exposure to the PRODUCTS that caused increased risk of bladder cancer;

g. Defendants failed to remove the PRODUCTS from the market when Defendants knew or should have known the PRODUCTS were defective, and Defendants concealed and omitted material information about such defects;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) UNASSIGNED

NYSCEF DOC. NO. 1

Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 45 of 52

INDEX NO.

RECEIVED NYSCEF: 05/29/2026

    h.  Defendants failed to disclose to the public in general and Plaintiff in particular the known dangers of using the PRODUCTS;

    i.  Defendants failed to act like a reasonably prudent company under similar circumstances, and Defendants concealed and omitted material information about such failures.

144.    Upon information and belief, at all relevant times alleged herein, Defendants omitted and concealed information concerning the safety and efficacy of the PRODUCTS in their labeling, advertising, marketing, promotional material, commercial media, press releases, reports, and/or other public statements. Plaintiff believes and based thereon alleges that Defendants labeled the PRODUCTS, and conducted sales and marketing campaigns to promote the sale of the PRODUCTS, and they willfully deceived Plaintiff, other consumers, and the public in general as to the health risks and other dangers and consequences of the use of the PRODUCTS, including, but not limited to, through false, deceptive, misleading, and untruthful labels, public statements, press releases, reports, marketing campaigns, advertisements, and promotions for the PRODUCTS. Plaintiff believes and based thereon alleges that further details identifying such labels, public statements, marketing campaigns, advertisements, and promotions for the PRODUCTS are in Defendants' possession and control.

145.    Upon information and belief, at all relevant times alleged herein, these omissions and concealments by Defendants were perpetuated directly and indirectly by Defendants, their sales representative, employees, distributors, agents, marketers and detail persons. Plaintiff believes and based thereon alleges that further details identifying such persons are in Defendants' possession and control.

146.    Upon information and belief, at all relevant times alleged herein, Defendants made these omissions of material information and active concealments of the true facts concerning the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.) UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

PRODUCTS with the intention, specific desire, and purpose to deceive and defraud consumers, including Plaintiff; to gain the confidence of the public, the medical community, and Plaintiff; to falsely assure them of the quality and fitness for use of the PRODUCTS; and to induce consumers, including Plaintiff, to rely on such omissions and concealments in selecting, purchasing, and using the PRODUCTS.

147. Upon information and belief, at all relevant times alleged herein, Defendants were aware that the PRODUCTS were not safe, fit, and effective for use as intended. Furthermore, Defendants were aware that the use of the PRODUCTS was hazardous to health, and that the PRODUCTS carry a significant propensity to cause serious injuries to users including, but not limited to, the injuries suffered by Plaintiff as alleged herein.

148. Upon information and belief, at all relevant times alleged herein, Defendants intentionally concealed and suppressed the true facts concerning the PRODUCTS with the intent to defraud Plaintiff, other consumers, and the public in general, in that Defendants knew that Plaintiff would not have used the PRODUCTS if he had known the true facts concerning the PRODUCTS, including their risks and dangers.

149. Upon information and belief, at all relevant times alleged herein, Plaintiff relied on Defendants to disclose the true facts concerning the PRODUCTS, including their risks and dangers, and that he would not have purchased, used, been exposed to, or relied on Defendants' PRODUCTS if he had known the true facts about them.

150. Upon information and belief, as a result of the foregoing fraudulent and deceitful conduct by Defendants, Plaintiff suffered injuries and damages as alleged herein.

151. On information and belief, as a proximate result of the conduct, acts, and omissions alleged herein, Plaintiff has incurred medical expenses, Plaintiff will in the future incur medical expenses, Plaintiff has suffered and will suffer other special damages, Plaintiff has suffered and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:26-cv-04519-NRB   Document 17-2   Filed 07/08/26   Page 47 of 52

will suffer conscious pain and suffering and other general damages.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CONSUMER PROTECTION STATUTE,
## N.Y. GEN. BUS. LAW §§ 349-50,
## AGAINST ALL DEFENDANTS

Plaintiff LEONARD ROCCO repeats, reiterates and realleges each allegation as contained in the above paragraphs of the within Complaint, with the same force and effect, as though each were fully set forth at length herein.

152.   Upon information and belief, at all relevant times alleged herein, from the time that the PRODUCTS were first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, Defendants willfully deceived Plaintiff, other consumers, and the public in general, by concealing from them the true facts concerning the PRODUCTS, which Defendants had a duty to disclose.

153.   Upon information and belief, at all relevant times alleged herein, Defendants conducted sales and marketing campaigns to promote the sale of the PRODUCTS and willfully deceived Plaintiff, other consumers, and the public in general as to the health risks and consequences of the use of the PRODUCTS, which included, but were not limited to, the following false, deceptive, misleading, and untruthful advertisements, public statements, marketing campaigns, and promotions:

a.   failing to disclose or warn Plaintiff of the hazards associated with the use of the PRODUCTS, including, but not limited to, the risk of bladder cancer due to exposure to carcinogenic compounds in Defendants' products;

b.   failing to disclose or warn Plaintiff of the hazards associated with the use of the PRODUCTS, including, but not limited to, the risk of bladder cancer due to exposure in 4-Aminobiphenyl and Ortho Toluidine in Defendants' products;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

c.  failing to properly test their PRODUCTS to determine adequacy and effectiveness or safety measures, if any, prior to releasing the PRODUCTS for consumer use, and concealing and omitting material information about their inadequate testing;

d.  failing to properly test their PRODUCTS to determine the increased risk of bladder cancer during the normal and/or intended use of the PRODUCTS, and concealing and omitting material information about their inadequate testing;

e.  failing to inform ultimate users, such as Plaintiff, as to any safe and proper methods of handling and using the PRODUCTS;

f.  failing to instruct the ultimate users, such as Plaintiff, as to any methods for preventing or reducing the type of exposure to the PRODUCTS which caused increased risk of bladder cancer;

g.  failing to remove the PRODUCTS from the market when Defendants knew or should have known the PRODUCTS were defective, and concealing and omitting material information about such defects;

h.  failing to disclose to the public in general and Plaintiff in particular the known dangers of using the PRODUCTS;

i.  marketing and labelling the PRODUCTS as safe for all uses despite knowledge to the contrary; and

j.  failing to act like a reasonably prudent company under similar circumstances, and concealing and omitting material information about such failures.

154.  Upon information and belief, at all relevant times alleged herein, Defendants were aware of the foregoing, and that the PRODUCTS were not safe, fit, and effective for use as intended. Furthermore, Defendants were aware that the use of the PRODUCTS was hazardous to

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 49 of 52 INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

health, and that the PRODUCTS carry a significant propensity to cause serious injuries to users including, but not limited to, the injuries suffered by Plaintiff as alleged herein.

155. Upon information and belief, at all relevant times alleged herein, Defendants intentionally concealed and suppressed the true facts concerning the PRODUCTS with the intent to defraud Plaintiff, other consumers, and the public in general, in that Defendants knew that Plaintiff would not have used the PRODUCTS if he had known the true facts concerning the PRODUCTS, including their risks and dangers.

156. Upon information and belief, at all relevant times alleged herein, as a result of the foregoing fraudulent and deceitful conduct by Defendants, Plaintiff suffered injuries and damages as alleged herein.

157. The foregoing fraudulent and deceitful conduct by Defendants amounts to unlawful, unfair, and fraudulent practices in violation of General Business Law §§ 349-50.

158. Defendants' acts, omissions, and practices described above constitute deceptive acts and practices and false advertising. Defendants deceptively and falsely represented the nature, quality, condition, ingredients, health hazards, and dangers posed by the PRODUCTS.

159. Defendant's acts, omissions, and practices described above are contrary to New York law and public policy and constitute immoral, unethical, and unscrupulous practices that caused substantial injury to Plaintiff.

160. All of Defendants' unlawful and unfair conduct, failures to disclose, and fraudulent practices and misrepresentations alleged herein occurred in the course of Defendants' respective businesses and were part of a generalized course of conduct.

161. Defendants' unlawful, unfair, and fraudulent conduct alleged herein was designed to and did induce Plaintiff to purchase the PRODUCTS.

162. Plaintiff would not have purchased or used the PRODUCTS but for Defendants'

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 50 of 52    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                                                          RECEIVED NYSCEF: 05/29/2026

unlawful, unfair, and fraudulent business conduct.

163.    As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business conduct, Plaintiff has suffered concrete and particularized injuries, including monetary loss in the form of paying for the PRODUCTS.

164.    Plaintiff is entitled to appropriate relief, including damages, restitution, declaratory relief, and a permanent injunction prohibiting Defendants from engaging in the aforementioned practices that violate General Business Law §§ 349-50. Plaintiff further seeks reasonable attorneys' fees and costs under applicable law including General Business Law § 349(h).

## RELIEF REQUESTED

WHEREFORE Plaintiff LEONARD ROCCO demands judgment against each of the defendants jointly and severally, and as appropriate to each cause of action alleged and the standing of Plaintiff as follows:

    a.  Past and future general damages, the exact amount of which has yet to be ascertained, in an amount which will conform to proof at time of trial;

    b.  Past and future economic and special damages according to proof at the time of trial;

    c.  Past and future medical expenses according to proof at the time of trial;

    d.  Past and future pain and suffering damages expenses according to proof at the time of trial;

    e.  Punitive or exemplary damages according to proof at the time of trial;

    f.  Attorney's fees;

    g.  Costs and disbursements incurred in this action;

    h.  Prejudgment interest as provided by law; and

    i.  Such other and further relief as the Court may deem just and proper.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.)

Case 1:26-cv-04519-NRB    Document 17-2    Filed 07/08/26    Page 51 of 52

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/29/2026

Dated: May 29, 2026
New York, New York

Respectfully Submitted,

By:/s/ Jonathan M. Sedgh
Jonathan M. Sedgh, Esq.
MORGAN & MORGAN
199 Water Street, Suite 1500
New York, NY 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See Below.) Case 1:26-cv-04519-NRB Document 17-2 Filed 07/08/26 Page 52 of 52 INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 05/29/2026

## ATTORNEY VERIFICATION

**JONATHAN SEDGH**, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am associated with the law firm of **MORGAN & MORGAN NEW YORK, PLLC** attorneys for the plaintiff in the within action; that I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the plaintiff is that said claimant resides outside of the County in which the Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, contracts, and/or documents contained in the plaintiff's file.

Dated: <u>May 29, 2026</u>
      New York, New York

Respectfully Submitted,

By:<u>/s/ Jonathan M. Sedgh</u>
Jonathan M. Sedgh, Esq.
MORGAN & MORGAN
199 Water Street, Suite 1500
New York, NY 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.