UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
LEONARD ROCCO,

Plaintiff,

- against -

WELLA OPERATIONS US LCC; L'OREAL USA, INC.; L'OREAL USA PRODUCTS, INC.; JOICO; CLAIROL; HENKEL CORPORATION; HENKEL, a/k/a HENKEL AG & CO. KGaA,

Defendants.

-------------------------------------X

**MEMORANDUM AND ORDER**
26 Civ. 4519 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is plaintiff Leonard Rocco's ("plaintiff") motion to remand this case and award attorneys' fees in the amount of $7,123.28. ECF No. 10. Defendants' principal argument in opposition to the motion is that this issue has already been decided on materially similar facts by the Court's recent opinion in Gregory v. L'Oréal USA Inc., et al, No. 25-cv-10298, ECF No. 27 (S.D.N.Y. June 25, 2026) ("Gregory"). In Gregory, a case brought by the same counsel on the basis of similar allegations, we denied a motion for remand on the basis that the defendants had not been properly joined and served prior to removal because the Notice with Summons lacked an index number, which is a required component of service under New York law. See N.Y. CPLR

§ 305(a). Thus, the "forum defendant rule" did not apply, and removal was proper. See Gregory, at 13.

Plaintiff argues that "[a] different situation existed in Gregory[,]" because in Gregory, the plaintiff failed to re-serve the Summons with Notice with an appropriate index number for several days even after an index number had been assigned. ECF No. 20 ("Reply") at 2. Here, by contrast, plaintiff served defendants on the same day that the case was filed, but nonetheless defendants removed the case "[l]ess than two hours later" before an index number was assigned. Reply at 2.

The Court agrees with defendants that removal was proper. The key consideration present in Gregory remains present in this case: defendants removed the case from state court before they were "properly joined and served" in accordance with state law. Thus, removal was proper.[1]

Plaintiff argues that "[o]n this record, allowing removal based on the lack of an index number would make it impossible to serve a defendant before removal." Reply at 3. Not so. The forum defendant rule would attach, and thus removal would not be

[1] Of course, the other prerequisites for removal on the basis of diversity must be present for removal to be proper, which they are here. Plaintiff does not dispute that the requirements of diversity jurisdiction are satisfied: "Two jurisdictional facts are undisputed: (1) Rocco seeks damages exceeding $75,000; and (2) The parties are completely diverse." Mot. at 3 (cleaned up); see also 28 U.S.C. § 1332(a).

permissible, if a plaintiff simply waited until an index number had been assigned before serving the defendants.

Again, as in Gregory at 18, plaintiff's wound is self-inflicted. Plaintiff has offered this Court no explanation as to why the defendants in this case must have been served before an index number was assigned. Defendants' removal occurred after service. Thus, it seems, plaintiff could have properly served the defendants by simply waiting to serve the defendants until an index number had been assigned.[2]

## I. **Attorneys' Fees**

Plaintiff also requests that this Court "award [plaintiff] just costs and expenses, including attorney's fees, because Henkel violated the forum defendant rule." Mot. at 8. Having found that Henkel did not violate the forum defendant rule, there is no basis upon which attorneys' fees could be awarded. Accordingly, plaintiff's request for attorneys' fees is denied.

[2] Plaintiff adds that "[a] ruling upholding removal would render the forum defendant rule a nullity in this situation." Reply at 3. However, the Second Circuit has already made explicit that "[b]y its text," the forum defendant rule found in 18 U.S.C. § 1441(b)(2), "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable . . . so long as a federal district court can assume jurisdiction over the action." Gibbons v. Bristol-Myers Squibb Company, 919 F.3d 699, 705 (2d Cir. 2019) (emphasis added). Thus, the Court's rulings, both here and in Gregory do not "render the forum defendant rule a nullity." To the contrary, the forum defendant rule was never applicable in the first instance, by its own text.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 10.

Dated: October 6, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE